Jones, E. H., J.
The plaintiff in error was indicted for maintaining a nuisance. As its name indicates, it is engaged' in the business of manufacturing fertilizer from the ■ carcasses of dead beasts, its plant being located at Harveysburg in Warren county, Ohio. The indictment contains three counts. The first count of the indictment alleges that “by reason of the boiling and drying of the flesh and entrails of beasts at said place and in said buildings as aforesaid divers noisome *85 and offensive smells during the time aforesaid, were occasioned, so that the said place, buildings and business became injurious to the health, comfort and property of the persons there residing, to the common nuisance of all the people- of the state of Ohio there lawfully being and abiding, and to the common nuisance of all persons lawfully being upon and passing along the public highway located by and contiguous to the said place and buildings.” The second count alleges that “the said The Harveysburg Fertilizer Company did at the time aforesaid and at the place -aforesaid unlawfully receive and cause to be received the bodies of dead beasts and deposited and caused to be deposited -said dead bodies at said place in plain view of persons passing along and over the public highway located along and contiguous to said property of the said The Harveysburg Fertilizer Company, and unlawfully did permit said bodies there to remain until by reason of their decomposition they gave off noisome and offensive odors during the time aforesaid, so that the said place and business became injurious to the health, comfort and property of the persons there residing, to the common nuisance of all people of the state of Ohio there lawfully being and abiding, and to the common nuisance of all the people passing over and along the public highway located along and contiguous to the property of the said The Harveysburg Fertilizer Company.” And the third count of the indictment states that the said Fertilizer Company “unlawfully and purposely did corrupt • and render unwholesome and impure a certain water course then and there being and flowing unto and through the said county of *86 Warren and known as 'Caesar’s Creek’ by putting offal, filth and noxious and offensive substances into said water course to the damage and prejudice of other persons residing along said water course in said county of Warren.”
To this indictment the defendant-filed a demurrer and motion to quash, both of which were overruled by the trial court, and exceptions were taken. Thereupon the case came on for trial before a .jury which found the defendant company guilty upon the first and second counts of the indictment, and not guilty upon the third count. Judgment was entered upon this verdict assessing a fine for each offense, and ordering an abatement of the nuisance found by the jury to exist.
Several alleged errors are pointed out by counsel for the plaintiff in error. After the jury had been impaneled and sworn, a motion was made by defendant to require the state to.elect upon which count of the indictment it would proceed to trial. The court overruled this motion, and its action in so doing is claimed to be error.-
We think the authorities cited in the brief of plaintiff in error upon this point do not support its contention, but on the other hand show that the court was correct in overruling said motion.
In Bailey v. State, 4 Ohio St., 441, it is held: “Several distinct offenses may be joined in different counts of the same indictment, as a general rule, either where they arise out of, and are connected with, the same transaction, or where they are connected by the same subject-matter.”
The first proposition of the syllabus in said case holds: “Where an indictment charges two or more *87 offenses, arising out of distinct and different transactions, the court trying the cause, may require the prosecutor to elect upon which charge he will proceed; but the action of the court, in this respect, being a matter of discretion, can furnish no ground for a writ of error.”
Without citing further authority, it seems to be the policy of reviewing courts to allow a rather wide discretion to trial courts in the matter of compelling election between different counts in one indictment. The cases of Stockzvell v. State, 27 Ohio St., 563, and Bainbridge v. State, 30 Ohio St., 264, are cited by counsel for plaintiff in error, but have no application here, since the question there determined arose from indictments containing only one count, the evidence however having a tendency to prove two or more offenses.
The second error assigned is that the court refused to allow the jury to answer 20 interrogatories propounded by the accused. It has been held in this state that Sections 5200 and 5201, Revised Statutes (now Section 11463, General Code), have no application in criminal cases.' (See Smith v. State, 59 Ohio St., 351.) The claim that this •case is taken out of the rule there laid down, by its being quasi-civil, we think is not well founded. The plea here was one of not guilty, the same as in other criminal cases, and the supreme court held expressly in the Smith case, above cited, that where there is a plea of not guilty the court is not required to direct the jury to return special findings or answer interrogatories’.
We have examined the special charges requested by defendant which the court refused to give, and *88 find no error in the court’s action. Without entering at length upon a discussion of those Charges we might state that they are all subject to the objection that they are drawn upon the theory that a person upon trial for a,crime may establish his innocence by proving some one else has been guilty of the same offense.
The fourth error urged in the brief we think is answered by our holding to the effect that it was right for the court to order the trial to proceed upon the three counts of the indictment. If the defendant can be tried upon two or more counts, the jury had a right, if warranted by the evidence, to find the defendant guilty upon one or two of said counts, and the court had the duty to pass sentence and enter judgment upon the verdict so found.
The fifth assignment of error is stated as follows : “The court erred in not directing a verdict for the accused.” It is urged in this connection that there is a variance between the proof and the indictment, in that the indictment charges that the stench was created by “boiling and drying the flesh and entrails of the beasts,” while the evidence, it is claimed, shows that there was no boiling and drying but that the cooking was produced by the application of steam. We have read the opinion of the trial court upon this question, delivered in passing upon the motion for a directed verdict, and approve what the learned judge there said. Section 13582, General Code, fully meets this objection, and is as follows:
“When, on the trial of an indictment, there appears to be a variance between the statement in *89 such indictment and the evidence offered in proof thereof, in the Christian name or surname, or both or other description of a person therein named or described or in the name or description of a matter or thing therein named or described, such variance shall not be ground for an acquittal of the defendant, unless the court before which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant.”
There was no error in the court’s refusal to require an election by the prosecutor after the close of the evidence. Such action of the court would have been proper and necessary had more than one offense been proven under an indictment containing but one count. The trial court correctly passed upon this question at the beginning of the trial, as we have before found, and the motion made at the close of the evidence was not well taken.
Finding no error in the proceedings, the judgment of the common pleas court will be affirmed.

Judgment affirmed.

Swing and Jones, Oliver B., JJ., concur.